George PARKS, Plaintiff,

v.

Jimmy CROWLEY et al., Defendants.

No. EC 76–87–S.

United States District Court,
N. D. Mississippi, E. D.

Jan. 7, 1977.

Solomon C. Osborne, North Mississippi Rural Legal Services, West Point, Miss., for plaintiff.

W. B. Meek, Meek & Meek, Eupora, Miss., for defendants.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on plaintiff's motion to maintain the action as a class action.

---

The record reflects that plaintiff is a member of the black race. He alleges in his complaint that on or about October 17, 1975, he visited an establishment in Maben, Mississippi, wherein defendants operated a place of public accommodation, in that said defendants were engaged in the operation of a restaurant open to the general public where food was being sold for consumption on the premises. Plaintiff alleges that the establishment is subject to the provisions of the Civil Rights Act 1964, Title II, § 201, et seq., Pub.L. 88–352, 42 U.S.C. § 2000a, et seq. Plaintiff alleges that he was denied the full and equal enjoyment of the goods, service, facilities, privileges, advantages and accommodations of the restaurant by defendants in violation of the rights afforded by the Civil Rights Act of 1964, 42 U.S.C. § 2000a, et seq. and that such denial was based upon the fact that he was and is a member of the black race.

Defendants have denied the material allegations of the complaint, thus creating an issue of fact to be determined on the trial of the case on the merits.

Plaintiff seeks to represent a class of black persons who have been heretofore, now are, or in the future, may be denied the full and equal enjoyment of the services offered to the public by defendants at the restaurant aforesaid.

Actions such as the one sub judice have been historically regarded as suitable for class maintenance as is stated in footnote 5 of the decision of the Fifth Circuit in *Potts v. Flax,* 313 F.2d 284 (5th Cir. 1963): "discrimination against a class as a class . . . is assuredly appropriate for class relief". See, 3B Moore F.P.2d ed. § 23.10–1, page 23–2761.

If the plaintiff can sustain his charge of racial discrimination by defendants in the operation of the restaurant involved herein, he is entitled to prosecute the action for the benefit of all black people similarly situated.

The motion will be sustained and an appropriate order entered herein.